IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02599-BNB

TORREY V. BANKS,

    Plaintiff,

v.

STATE OF COLORADO,
A. MEDINA (Warden),
C. SOARES (Warden),
R. WAGER (Assistant Warden),
J. MCCALL (Administrative Head),
A. DECESARO (Administrative Head),
J. BROCK (Administrative Head),
LEE H. (Administrative Head),
M. GRIFFITH (Administrative Head),
D. CANFIELD (8070),
R. RICHARDSON (3291),
S. FOSTER (3151),
T. MEEKS (1858),
CAPT. KATZENMEYER,
CAPT. QUATTLEBAUM,
CAPT. ARGUELLO,
LT. LAWSON (Disciplinary Hearing Officer),
LT. ANDERSON (Disciplinary Hearing Officer),
LT. WIL (Disciplinary Hearing Officer),
LT. BARR,
LT. JAROS,
LT. YARD,
LT. BROWN (Ad Seg. Hearing Officer),
LT. ORTIZ (Ad Seg. Hearing Officer),
LT. BRANDT (Ad Seg. Hearing Officer),
LT. CHAVEZ (Ad Seg. Hearing Officer),
J. SCOLLARD (Acting Mental Health Supervisor),
S. ENGLAR (Mental Health Counselor),
SGT. BROWN (Mail Room),
SGT. CROSLEY,
C/O MAES,
C/O DUNDES,
C/O ESTRADA,
C/O MALEBRANCHE,
R. JOHNSON (Law Library Clerk), and

L. LEWIS (FCF Librarian),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Torrey V. Banks, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an amended Prisoner Complaint (ECF No. 5) with no claims and only an attached request for supplies. In the Prisoner Complaint he originally filed, he asks for money damages and declaratory and injunctive relief. Mr. Banks has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Banks' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Banks will be directed to file a second amended complaint.

    Mr. Banks may not sue the State of Colorado for money damages. The State of Colorado and its agencies are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental*

*Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Mr. Banks' original complaint and amended complaint do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Banks' amended complaint fails to assert any claims. His original complaint

is unnecessarily verbose and rambling.  At times, his single-spaced handwriting makes reading and understanding the allegations in his original complaint difficult.  In addition, Mr. Banks fails to leave adequate margins, and the words in his original complaint are often truncated.  Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced, legible, and have one-inch margins at the left, right, and bottom, and a one and a half inch margin at the top.  *See* D.C.COLO.LCivR 10.1C., E. and G.

Generally, Mr. Banks fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Mr. Banks's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Banks must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. Banks's verbose allegations to determine the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to state a claim in federal court, Mr. Banks "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Banks should name as defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Banks must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory officials may not be held liable for

the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Banks may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Banks uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The second amended complaint Mr. Banks will be directed to file, whether handwritten or typed, shall be double-spaced and legible, using upper and lower-case letters, with sufficient margins, in compliance with D.C.COLO.LCivR 10.1C., E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court

finds that the complaint and amended complaint do not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1.  Mr. Banks will be given an opportunity to cure these deficiencies by submitting a second amended complaint that is legible in compliance with D.C.COLO.LCivR 10.1 and sues the proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the second amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Torrey V. Banks, **within thirty (30) days from the date of this order**, file a second amended complaint that complies with this order.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Banks shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second amended complaint.  It is

FURTHER ORDERED that, if Mr. Banks fails to file a second amended complaint that complies with this order within the time allowed, some claims against some

defendants or the entire action may be dismissed without further notice.

DATED October 23, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge