IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02599-BNB

TORREY V. BANKS,

    Plaintiff,

v.

A. MEDINA (Warden),
C. SOARES (Warden),
R. WAGER (Assistant Warden),
J. MCCALL (Administrative Head),
A. DECESARO (Administrative Head),
J. BROCK (Administrative Head),
LEE H. (Administrative Head),
M. GRIFFITH (Administrative Head),
R. RICHARDSON (3291),
S. FOSTER (3151),
T. MEEKS (1858),
CAPT. KATZENMEYER,
CAPT. QUATTLEBAUM,
CAPT. ARGUELLO,
LT. LAWSON (Disciplinary Hearing Officer),
LT. ANDERSON (Disciplinary Hearing Officer),
LT. WIL (Disciplinary Hearing Officer),
LT. BARR,
LT. JAROS,
LT. YARD,
LT. BROWN (Ad Seg. Hearing Officer),
LT. ORTIZ (Ad Seg. Hearing Officer),
LT. BRANDT (Ad Seg. Hearing Officer),
LT. CHAVEZ (Ad Seg. Hearing Officer),
J. SCOLLARD (Acting Mental Health Supervisor),
S. ENGLAR (Mental Health Counselor),
SGT. BROWN (Mail Room),
SGT. CROSLEY,
C/O MAES,
C/O DUNDES,
C/O ESTRADA,
C/O MALEBRANCHE, and
L. LEWIS (FCF Librarian),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
THIRD AND FINAL AMENDED COMPLAINT

Plaintiff, Torrey V. Banks, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an amended Prisoner Complaint (ECF No. 5) with no claims and only an attached request for supplies. On October 22, 2013, Mr. Banks was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On October 23, 2013, the Court entered an order (ECF No. 8) directing Mr. Banks to file within thirty days a second amended Prisoner Complaint that sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, complied with Rule 10.1 of the Local Rules of Practice for this Court regarding format and legibility, and asserted the personal participation of each named defendant in the alleged constitutional violations. The October 23 order warned Mr. Banks that the Court would not consider any claims raised in separate attachments, amendments, supplements, motions or other documents not included in the second amended Prisoner Complaint.

On November 8, 2013, Mr. Banks filed *pro se* a second amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 13), among other statutes, for money damages and declaratory and injunctive relief. He also filed a combined motion titled "Motion to Omit Sections (Paragraphs) 13, 14, 15 from the Complaint/Motion Requesting the Court to Allow Plaintiff to Use Exhibits From 12-cv-0214-BNB [sic]" (ECF

No. 12).

The Court must construe Mr. Banks' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Banks will be directed to file a third and final amended Prisoner Complaint.

Like the original and amended complaints filed by Mr. Banks, the second amended Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the order for a second amended Prisoner Complaint, the Court informed Mr. Banks that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Banks' second amended Prisoner Complaint fails to meet the requirements of Rule 8.  The second amended complaint is unnecessarily verbose, redundant, disorganized, and rambling, and the allegations in section titled "C. Nature of the Case," in which Mr. Banks' handwriting is single-spaced and in all capital letters, are difficult to read and understand.

Mr. Banks' second amended Prisoner Complaint stems from his concern that Defendant, Stephanie Englar, a mental-health counselor, allegedly breached therapist-client confidentiality by revealing to supervisory and disciplinary officers that he suffers from a sex addiction involving abnormal masturbation habits.  Apparently, Ms. Englar claimed she was legally obligated to alert the prison librarian about Mr. Banks sexual addiction because Mr. Banks wrote about "fantasizing about a librarian" in "tight fitted pants that showed her camel toe/panty line."  ECF No. 13 at 14.  He maintains Ms. Englar's revelation resulted in disciplinary charges being filed against him, removal from the general population, placement in administrative segregation after he filed a grievance against Ms. Englar, and loss of privileges.  He repackages these factual allegations to assert a variety of claims ranging from failure to protect or train to retaliation and denial of medical care, often making myriad allegations that fail to support or are irrelevant to the claims he asserts.

Mr. Banks again fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Mr. Banks has failed to meet his responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  In short, Mr. Banks has failed to allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The Court does not require a lengthy complaint with a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. Banks' verbose allegations to determine the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to state a claim in federal court, Mr. Banks "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Banks should name as defendants in his third and final amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Banks must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Banks may not sue individuals whose only apparent involvement in the alleged constitutional violations was to deny a grievance. Such allegations are not sufficient to hold a Defendant liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Mr. Banks may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Banks uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The third and final amended Prisoner Complaint Mr. Banks will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, with sufficient margins, in compliance with D.C.COLO.LCivR 10.1.

This is not the first case in which the Court has warned Mr. Banks to file a complaint that complies with the Rule 8 pleading requirements. He previously initiated a civil right action which was dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. *See Banks v. City of Lakewood*, No. 12-cv-02014-LTB (D. Colo. Feb. 22, 2013). On July 25, 2013, the United States Court of Appeals for the Tenth Circuit affirmed that dismissal. *See Banks v. Officer Doe*, No. 13-1091, 523 F. App'x 503 (10th Cir. 2013). On December 2, 2013, the United States Supreme Court denied certiorari review. *See Banks v. Doe*, No. 13-6623, 134 S. Ct.

698 (2013).

Even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Banks seeks to refile because the two-year statute of limitations may have expired on his § 1983 claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the second amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1.  Mr. Banks will be given one final opportunity to cure these deficiencies by submitting a third and final amended Prisoner Complaint that complies with D.C.COLO.LCivR 10.1 and sues the proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the third and final amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Torrey V. Banks, **within thirty (30) days from the date of this order**, file a third and final amended Prisoner Complaint that complies with this order.  It is

FURTHER ORDERED that the third and final amended complaint shall be titled "Third and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the

Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Banks shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the third and final amended complaint.  It is

FURTHER ORDERED that, if Mr. Banks fails to file a third and final amended Prisoner Complaint that complies with this order within the time allowed, some claims against some defendants or the entire action may be dismissed without further notice. It is

FURTHER ORDERED that the "Motion to Omit Sections (Paragraphs) 13, 14, 15 from the Complaint" (ECF No. 12) is denied as unnecessary because Mr. Banks has been ordered to file a third and final amended Prisoner Complaint and the "Motion Requesting the Court to Allow Plaintiff to Use Exhibits From 12-cv-0214-BNB" (ECF No. 12) is denied because the Court will not consider any claims raised in separate attachments, amendments, supplements, motions or other documents.

DATED January 30, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge