IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02599-BNB

TORREY V. BANKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
A. MEDINA (Warden at FCF),
R. WAGER (Assistant Warden at FCF),
CAPTAIN KATZENMEYER,
STEPHANIE ENGLAR (FCF Mental Health Counselor),
J. SCOLLARD (Acting FCF Mental Health Supervisor),
C. SOARES (Assistant Warden at CSP),
CAPT. ARGUELLO (CSP Mail room Supervisor),
SGT. CROSLEY,
C/O MALEBRANCHE, and
CAPTAIN QUATTLEBAUM,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE

    Plaintiff, Torrey V. Banks, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Sterling, Colorado. He has filed *pro se* a third and final amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 22). He asks for money damages and injunctive and declaratory relief.

    Mr. Banks has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Banks is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Banks' third and final amended Prisoner Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Banks asserts four disorganized and redundant claims premised on his 495-day placement in administrative segregation and transfer to the Colorado State Penitentiary.

Mr. Banks is suing an improper party.  He may not sue the DOC.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in

federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). The claims asserted against the DOC will be dismissed, and this Defendant will be dismissed as a party to this lawsuit.

      Mr. Banks is suing A. Medina, warden at Fremont Correctional Facility, and R. Wager, assistant warden at Fremont Correctional Facility, for denying the appeal from his disciplinary conviction. Mr. Banks cannot maintain claims against prison officials or administrators, such as Warden Medina and Assistant Warden Wager, on the basis that they denied his grievance appeal. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (denial of a grievance appeal is insufficient for § 1983 liability).

      Accordingly, it is

ORDERED that the claims asserted against the Colorado Department of Corrections, Warden A. Medina, and Assistant Warden R. Wager are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court remove the Colorado Department of Corrections, A. Medina, and R. Wager as parties to this lawsuit. It is

FURTHER ORDERED that remaining claims and the case are drawn to a presiding judge and, if appropriate, to a magistrate judge. It is

FURTHER ORDERED that the only remaining Defendants are Captain Katzenmeyer, Stephanie Englar, J. Scollard, C. Soares, Captain Arguello, Sergeant Crosley, Correctional Officer Malbranche, and Captain Quattlebaum.

DATED at Denver, Colorado, this 7th day of May, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court