IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02599-KLM

TORREY V. BANKS,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
A. MEDINA, Warden at FCF,
R. WAGNER, Assistant Warden at FCF,
CAPTAIN KATZENMEYER,
STEPHANIE ENGLAR, FCF Mental Health Counselor,
JERRI SCOLLARD, Acting FCF Mental Health Supervisor,
C. SOARES, Assistant Warden at CSP,
CAPTAIN ARGUELLO, CSP Mail Room Supervisor,
SGT. CROSLEY,
C/O MALEBRANCHE, and
CAPTAIN QUATTLEBAUM,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion to Obtain Documentary Evidence From Dismissed Case # Banks v. Arapahoe County Detention Center 12-cv-02014-BNB** [#41][1] (the "Document Motion"), Plaintiff's **Notice of Motion for Default Judgment** [#42] (the "Default Motion"), and Plaintiff's **Motion for Requests of Fed. R. Civ. P. 45, 34(a)(1) Subpoena Duces Tecum/Documentary Evidence** [#45] (the "Subpoena Motion").

     In the Document Motion, Plaintiff asks the Court to provide him copies of documents he filed in other lawsuits. *Document Motion* [#41] at 1. He explains that he does not have the money required to purchase copies of the documents and notes that "[t]he discovery

_____

[1]  "[#48]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Minute Order.

stage of litigation is next, and [he] need[s] as much time as possible to litigate effectively." *Id.* at 1-2. In the Subpoena Motion, Plaintiff requests mental health and medical records relating to his treatment during the period 2010-2012 at the Arapahoe County Sheriff's Office and during the period 2011-2012 at Independence House. *Subpoena Motion* [#45] at 1-2. A scheduling conference has not been held in this case and discovery has not commenced. Therefore, the Document Motion [#41] and the Subpoena Motion [#45] are premature.

The Default Motion was filed as a motion, but appears to only provide notice of an intention to seek "entry of a judgment" against Defendants. *Default Motion* [#42] at 1. Therefore, it is unclear whether the Default Motion requires any Court action. However, assuming that it was intended as a motion, it must be denied. To the extent Plaintiff asks the Court to enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), the Default Motion fails because Plaintiff has not complied with Fed. R. Civ. P. 55(a). "[Federal] Rule [of Civil Procedure] 55 mandates a two-step process for a party who seeks a default judgment in [her] favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013). First, the party seeking a default judgment must request an entry of default from the Clerk of the Court under Fed. R. Civ. P. 55(a). *Id.* After default has been entered by the Clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b). *Id.* Here, Plaintiff never sought entry of default pursuant to Fed. R. Civ. P. 55(a). However, even if Plaintiff complied with Fed. R. Civ. P. 55(a), the Default Motion would fail because the Court extended Defendants' deadline to respond to Plaintiff's Third and Final Amended Complaint [#22] to August 21, 2014, *Minute Order* [#35], and Defendants filed their Motion to Dismiss [#37] on that date.

IT IS HEREBY **ORDERED** that the Document Motion [#41] and the Subpoena Motion [#45] are **DENIED without prejudice** as premature.

IT IS FURTHER **ORDERED** that the Default Motion [#42] is **DENIED**.

Dated: November 24, 2014