IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02599-KLM

TORREY V. BANKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
A. MEDINA, Warden at FCF,
R. WAGNER, Assistant Warden at FCF,
CAPTAIN KATZENMEYER,
STEPHANIE ENGLAR, FCF Mental Health Counselor,
JERRI SCOLLARD, Acting FCF Mental Health Supervisor,
C. SOARES, Assistant Warden at CSP,
CAPTAIN ARGUELLO, CSP Mail Room Supervisor,
SGT. CROSLEY,
C/O MALEBRANCHE, and
CAPTAIN QUATTLEBAUM,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Reconsider Pursuant to Fed. R. Civ. P. Rule 60** [#47][1] (the "Motion"). Defendants have not filed a response to the Motion and their deadline to do so has elapsed. The Court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#47] is **DENIED**.

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

**I. Background**

Plaintiff, who proceeds in this matter pro se[2], is an inmate at the Sterling Correctional Facility in Sterling, Colorado. *Third Am. Compl.* [#22] at 2. He initiated this action on September 20, 2013 by filing his initial Complaint [#1]. On October 9, 2013, the Court ordered Plaintiff to amend his Complaint. *See generally Order Directing Plaintiff to Cure Deficiencies* [#4]. As a result, on October 18, 2013, Plaintiff filed his First Amended Complaint [#5]. On October 23, 2013, the Court entered an Order explaining various legal deficiencies with Plaintiff's First Amended Complaint and directed Plaintiff to file a Second Amended Complaint. *See generally Order Directing Plaintiff to File Second Amended Complaint* [#8]. On November 8, 2013, Plaintiff filed his Second Amended Complaint [#13]. On January 30, 2014, the Court entered an Order directing Plaintiff to file a Third Amended Complaint. *See generally Order Directing Plaintiff to File Third and Final Amended Complaint* [#19]. The Court explained specific deficiencies with the Second Amended Complaint and allowed Plaintiff 30 days in which to file a Third Amended Complaint. *See generally id.* In that Order, the Court informed Plaintiff that he

> may not sue individuals whose only apparent involvement in the alleged constitutional violations was to deny a grievance. Such allegations are not sufficient to hold a Defendant liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

---

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

*Id.* at 7. On March 5, 2014, Plaintiff filed his Third Amended Complaint [#22], the operative complaint in this case. The Court reviewed the Third Amended Complaint and dismissed certain claims pursuant to 28 U.S.C. § 1915A. *See generally Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [#23] (the "May 7, 2014 Order"). In the Motion, Plaintiff seeks relief from the May 7, 2014 Order [#23]. *See generally Motion* [#47]. Specifically, Plaintiff seeks reconsideration of the Court's May 7, 2014 Order [#23] to the extent it dismissed Plaintiff's claims against former defendant A. Medina ("Medina") and former defendant R. Wager ("Wager"). *See generally id.*

## II. Analysis

The Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ( "[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is

not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks and citation omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (quotation marks and citation omitted). Mindful of these principles, the Court will not alter the May 7, 2014 Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); see *Lehman Brothers Holdings Inc. v. Universal Am. Mortgage Co.*, LLC, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D. Colo. Oct. 9, 2014). Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original [filing]." *Servants of the Paraclete*, 204 F.3d at 1012.

In the Motion, Plaintiff argues that former defendants Medina and Wager are necessary defendants. *Motion* [#47] at 1-2. He further argues that the Court misunderstood his allegations against these former defendants when it entered the May 7, 2014 Order. *Id.* at 3.

In his Third Amended Complaint, Plaintiff mentions these two former defendants in one paragraph:

> A [s]exual [h]arassment claim involving Ms. Englar was fabricated against Plaintiff by Ms. Englar which led to a disciplinary report being written. A partial investigation ensued, and Plaintiff was thereafter subjected to a disciplinary hearing in which CDOC employers [sic] failed to comply with the Due Procedural [sic] requirements. Plaintiff was unwarrantably convicted of the code of Penal Discipline violation soon thereafter. Plaintiff appealed the hearing board's decision to the Warden [ ] (A. Medina) and Assistant Warden [ ] (R. Wager) of Freemont Correctional Facility who unfortunately upheld the disciplinary conviction without conducting a proper investigation into the matter.

*Third Am. Compl.* [#22] at 9. This is the only mention of these two former defendants in the Third Amended Complaint. As a result, the Court dismissed Plaintiff's claims against these individuals. In the May 7, 2014 Order, the Court explained the basis for dismissal as follows:

> Mr. Banks is suing A. Medina, warden at Fremont Correctional Facility, and R. Wager, assistant warden at Fremont Correctional Facility, for denying the appeal from his disciplinary conviction. Mr. Banks cannot maintain claims against prison officials or administrators, such as Warden Medina and Assistant Warden Wager, on the basis that they denied his grievance appeal. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (denial of a grievance appeal is insufficient for § 1983 liability).

*May 7, 2014 Order* [#23] at 3.

Plaintiff offers no argument that the Court has misapprehended the facts or the controlling law. He also does not offer any new facts that were not known to him at the time he filed his Third Amended Complaint. As noted above, "a motion for reconsideration

. . . is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. In the Motion Plaintiff is attempting to revisit an issue that was already addressed by the Court and has offered no basis for the Court to reach a different conclusion. Accordingly, the Court finds no basis to grant the Motion and the Motion, therefore, must be **denied**. *See, e.g., Havens v. Clements*, No. 13-cv-00452-MSK-MEH, 2014 WL 1089349, at *2 (D. Colo. March 19, 2014); *Cordova v. Dowling*, No. 11-cv-01130-PAB-CBS, 2011 WL 5598223, at *2-3 (D. Colo. Nov. 17, 2011); *Torres v. O'Neal*, No. 10-cv-00236-PAB, 2010 WL 2650841, at *2 (D. Colo. June 30, 2010); *Hubler v. Lander*, No. 08-cv-02546-PAB-BNB, 2013 WL 908920, at *2 (D. Colo. March 9, 2010); *Taylor v. Ortiz*, No. 05-cv-00574-PAB-MJW, 2010 WL 882316, at *3 (D. Colo. March 5, 2010).

### III. Conclusion

Accordingly, for the reasons stated above, the Motion [#47] is **DENIED**.

Dated: January 8, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge