IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02599-KLM

TORREY V. BANKS,

    Plaintiff,

v.

CAPTAIN KATZENMEYER,
STEPHANIE ENGLAR, FCF Mental Health Counselor,
JERRI SCOLLARD, Acting FCF Mental Health Supervisor,
C. SOARES, Assistant Warden at CSP,
CAPTAIN ARGUELLO, CSP Mail Room Supervisor,
SGT. CROSLEY,
C/O MALEBRANCHE, and
CAPTAIN QUATTLEBAUM,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Alter or Amend the Judgement [sic]/Reconsideration/Reargument [sic] Rule (59) Fed. [C]iv. R** [#69][1] (the "First Motion") and Plaintiff's **Motion for Relief from Judgment Rule 60 Fed.R.civ.P. [sic]** [#83] (the "Second Motion" and collectively with the First Motion, the "Motions"). Defendants filed a Response [#75] to the First Motion. Plaintiff did not file a reply and his deadline to do so has elapsed.[2] Defendants have not yet filed a response to the Second

---

[1] "[#69]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] *See* D.C.COLO.LCivR 7.1(d).

1

Motion, but it is more efficient to address the Motions together, therefore, the Court rules on it pursuant to D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). The Court has reviewed the Motions, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motions [##69, 83] are **DENIED**.

## I. Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

### A.   Procedural Background

On March 4, 2015, the Court entered a lengthy Order granting Defendants' motion to dismiss. *See generally Order* [#60]. In that Order the Court included a detailed recitation of the background of this case. As a result, the Court does not restate the factual background and instead incorporates the March 4, 2015 Order by reference. Below the Court briefly summarizes the procedural history of this case as it is relevant to the Motions.

In short, the Court gave Plaintiff many opportunities to amend his claims, informed Plaintiff what steps he needed to take to amend his claims, provided clarification regarding the law governing his claims, and eventually, granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Among other things, in its March 4, 2015 Order, the Court concluded

> that despite being informed of how to seek leave to amend his Third Amended Complaint and despite being given multiple opportunities to amend his claims, Plaintiff did not seek leave to further amend his claims in his Response. The Court further finds that even if Plaintiff did intend the Response as a motion to amend, such motion is improper. Therefore, the Court treats the Response as a Response to Defendants' Motion only.

*Order* [#60] at 7.  As part of its more detailed analysis of Plaintiff's response to the motion to dismiss, the Court explained:

> The Court agrees with Defendants that to the extent the Response can be read as a motion seeking leave to amend his Third Amended Complaint, such request should be denied.  First, the rules of this Court specifically explain that "[a] motion shall not be included in a response or reply to the original motion."  D.C.COLO.LCivR 7.1(d).  In addition, Fed. R. Civ. P. 7(b) makes clear that "[a] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b).  A pro se litigant must follow the same procedural rules that govern other litigants, including the Local Rules of this Court and the Federal Rules of Civil Procedure.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Pallottino v. City of Rio Rancho*, 425 F.App'x 710, 713 (10th Cir. 2011) (unpublished decision) ("[T]he pro se status of [Plaintiffs] does not relieve them of their obligations to comply with procedural rules . . . ."); *see also Indiana v. Edwards*, 554 U.S. 164, 185 (2008) ("A *pro se* defendant may not . . . fail to comply with relevant rules of procedural . . . law." (quotation marks and citation omitted)); *Kennington v. U.S. Dep't of the Treasury*, 490 F.App'x 939, 942 n.1 (10th Cir. 2012) (table decision) (disregarding letter submission by pro se party that did not follow procedural rules).  Second, the Court has given Plaintiff ample opportunities to amend his claims and as recently as August 21, 2014, it specifically informed him of the procedures he must follow in order to seek leave to amend.  *See Minute Order* [#40] at 1. In response to that Minute Order Plaintiff did not seek leave to amend, instead he sought reconsideration of a prior Order entered in this case.  *See generally Motion to Reconsider Pursuant to Fed. R. Civ. P. Rule 60* [#47]. Accordingly, to the extent Plaintiff's inclusion of additional factual allegations in the Response could be construed as a request to further amend the Third Amended Complaint, such request is improper and subject to denial. Further, the Court notes that the Response does not explicitly request amendment of the operative pleading, instead, it simply includes additional factual allegations.  Therefore, the Court does not treat the Response as a motion.  The Court addresses the inclusion of additional factual allegations in the Response in its analysis below.

*Order* [#60] at 10-11.  When analyzing the motion to dismiss, the Court also explained that it could not consider the new factual allegations included in Plaintiff's response to the motion to dismiss.

> In his 62-page Response, Plaintiff offers a plethora of new factual allegations. *See generally Response* [##51, 52].  At the end of the two documents that constitute the Response, Plaintiff swears that the facts contained in the

> Response are true and correct. *See Response* [#51] at 26; *Response* [#52] at 20. In addition, Plaintiff attaches an affidavit signed by him, an affidavit signed by another inmate, a form titled Department of Correction[s] Administrative Segregation Privilege Level Review, a form titled Colorado Department of Corrections Offender Grievance Form, a handwritten addendum to the Response, a form titled Request for Legal Assistance, a letter dated April 11, 2013 that includes one attachment, and a letter dated July 17, 2013. *Response* [#52] at 22-35.
>
> Plaintiff appears to "miscontrue[ ] the court's function on a Rule 12(b)(6) motion, which 'is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's *complaint alone* is legally sufficient to state a claim for which relief may be granted.'" *Stinson ex rel. United States v. Maynard*, 341 F.App'x 413, 417 (10th Cir. 2009) (unpublished decision) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (emphasis in *Stinson*)). In *Stinson*, the Tenth Circuit affirmed the district court's dismissal with prejudice of the pro se plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). In doing so, the Tenth Circuit noted that absent certain exceptions, "when considering a Rule 12(b)(6) motion, "a federal court may only consider facts alleged within the complaint.'" *Id.* (quoting *Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002)). As the Tenth Circuit indicates, there are certain exceptions to the general rule that the Court cannot consider any documents outside of the complaint when analyzing a Rule 12 motion to dismiss. Accordingly, the Court next considers whether any of the documents submitted by Plaintiff may be considered by the Court.

*Order* [#60] at 15-16. The Court then considered whether the documents Plaintiff attached to his response could be considered by the Court and concluded that they could not. *Id.* at 16-18.

Regarding Plaintiff's allegations, the Court divided them into four distinct claims, *id.* at 7-10, and then analyzed each claim based on the legal theory underlying the claim. The Court found that Defendants were entitled to Eleventh Amendment immunity with regard to the official capacity claims for monetary relief, *id.* at 24; that Plaintiff's claims for compensatory damages were barred by the PLRA, *id.* at 25-26; and that Plaintiff failed to state a claim against any Defendant in his or her individual capacity. *Id.* at. 26-50. As a

result, the Court granted the motion to dismiss and Final Judgment [#61] was entered.

**B.     The Motions**

In the Motions, Plaintiff seeks relief from the Final Judgment [#61] entered on March 4, 2015.

In the First Motion, Plaintiff argues that his response to the motion to dismiss should have been treated as a motion to amend. *First Motion* [#69] at 2-3. He further argues that the undersigned should have construed his allegations as asserting a claim under the Americans with Disabilities Act ("ADA"). *Id.* at 3. In short, he relies on the new factual allegations included in his response to the motion to dismiss to argue that he properly brought an ADA claim. *Id.*[3] Plaintiff also argues that the Court should have considered the documents he attached to his response to the motion to dismiss or appointed counsel to represent him in this case. *Id.* at 3-4. Plaintiff further maintains that the undersigned erred in her understanding of his first claim for relief. *Id.* at 5. This argument is convoluted and difficult to understand but Plaintiff appears to be arguing that this claim is based on a violation of certain CDOC policies. *Id.* at 5-7. This argument, again, is based on factual allegations not contained in the operative complaint. *Id.* Plaintiff also purports to challenge the Court's determination regarding qualified immunity. *Id.* at 7-8. However, he does not identify which claim or Defendant his arguments relate to and the Court cannot determine

---

[3] Plaintiff states that his Third Amended Complaint and his response to the motion to dismiss "clearly allege[ ] [that] he was removed from mental health treatment due to discrimination (arbitrary) treatment from Englar. Judge Mix should've construed this as an ADA/RA claim." *First Motion* [#69] at 3. However, the only mention of the ADA in the Third Amended Complaint is when Plaintiff "assert[s] jurisdiction pursuant to" specific statutes and includes "42 U.S.C. §[§] 12131-12203 *b*" in the list of statutes under which he asserts that the Court has jurisdiction. However, as the Court's March 23, 2015 Order and many other Orders entered in this case make clear, Rule 8 requires much more than a mere mention of a statute in a jurisdictional statement. *See Order* [#60] at 2-5.

which part of its analysis he wishes to challenge. Similarly, Plaintiff includes a section titled "Conspiracy Claim/Joint Action Test" that relates to a CDOC policy that was not mentioned in the operative complaint. *Id.* at 8. This section does not appear to relate to any part of the Court's March 4, 2015 Order. Plaintiff also includes a section titled "PLRA" that seems to agree with the Court's analysis of the PLRA. *Id.* at 8-9. Later, Plaintiff includes a discussion of the panic attacks mentioned in his operative complaint that were addressed by the Court in its analysis of the PLRA. *Id.* at 10; *Order* [#60] at 25-26. However, Plaintiff confuses the analysis of the PLRA with claims for deliberate indifference to medical needs. *First Motion* [#69] at 10-11. Plaintiff's section titled "Malebranche" appears to challenge the Court's conclusion that he failed to state a First Amendment claim against this Defendant. *Order* [#60] at 34. Plaintiff seems to believe that his claim should have survived the motion to dismiss because he has "favorable witness accounts" that were filed in another lawsuit that he was unable to obtain and file in this lawsuit. *Id.* at 9. With regard to the Court's conclusion that his denial of access to the Courts claim failed to state a claim, *Order* [#60] at 35-37, Plaintiff argues that his failure to name any defendant associated with these allegations should not have led to dismissal of this claims. *First Motion* [#69] at 11. Plaintiff further argues that there is a policy in place that explicitly sanctioned the conduct of the unnamed mail room employees who allegedly infringed on his rights. *Id.* at 12-13. Plaintiff next argues that the Court should not have denied a previous motion for reconsideration. *Id.* at 14; *see also Order* [#55] (denying Plaintiff's Motion to Reconsider Pursuant to Fed. R .Civ. P. Rule 60 [#47]). Finally, Plaintiff includes a section titled "11th Immunity/PLRA/Qualified Immunity." *First Motion* [#69] at 15-17. This section is difficult to understand. Plaintiff mentions the Spending Clause and cites to the ADA. *Id.* at 16.

This section does not appear to relate to any issue discussed in the March 4, 2015 Order, which formed the basis for the entry of judgment.

In the Response, Defendants argue that Plaintiff has failed to meet the high standard for reconsideration under Rule 60. *Response* [#75] at 1-2. They argue that he "has not pointed to any intervening change in the controlling law, any new evidence, or a need to correct clear error." *Id.* at 2. Instead, they argue "Plaintiff has used his Motion for Reconsideration as another opportunity to repeat much of what he has already alleged and recited several times in this case." *Id.* Defendants further argue that to the extent Plaintiff attempts to assert new issues in the Motion, "Plaintiff is barred from raising a new issue for the first time in a motion for reconsideration." *Id.* at 3.

In the Second Motion, Plaintiff purports to seek relief under Fed. R. Civ. P. 60. *Second Motion* [#83] at 1. Plaintiff asks the Court to toll the statute of limitations. *Id.* He also states that he is no longer incarcerated and argues that this fact somehow requires that the Court relieve him from the entry of judgment. Plaintiff also cites to cases that he seems to believe require the Court to conclude that because he was recently released from prison the PLRA's physical injury requirement does not apply to him. *Id.* at 2. However, it is unclear if Plaintiff actually intends to make such an argument. Plaintiff maintains that this "new evidence" (presumably his release from prison) "would probably result in a different outcome." *Id.* at 3.

### III.  Standard of Review

As Defendants note,

Technically, "[a] motion for reconsideration [is] not recognized by the Federal Rules of Civil Procedure." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). This court construes such

a motion as filed pursuant to Rule 59(e) or 60(b), depending on the asserted justification for, and timing of, the motion. *Id.*

*Jaramillo v. Gov't Emps.Ins. Co.*, 573 F.App'x 733, 738 n.4 (10th Cir. 2014) (unpublished Order and Judgment). A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). If the motion is filed timely under both rules, how the court construes it depends on the reasons expressed by the movant. *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (citing *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir.2005)). A motion under Rule 59(e) is the appropriate vehicle "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997). A Rule 60(b) motion is appropriate for, among other things, "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(1), (2).

Notably, "the filing of concurrent Rule 59(e) and 60(b) motions circumvents the intent of the rules." *Handy v. City of Sheridan*, No. 12-cv-01015-WYD-KMT, 2015 WL 428380, at *3 (D. Colo. Jan. 30, 2015). "[T]he rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). These two

rules are distinct; they serve different purposes and produce different consequences." *Van Skiver*, 952 F.2d at 1243. Nonetheless, in an abundance of caution, the Court will address both Motions.

The First Motion was filed within the deadline set by Rule 59(e) and in it Plaintiff argues that the Court incorrectly interpreted the pleadings and applied the law and attempts to assert new allegations. The Second Motion was filed more than 28 days after entry of the Final Judgment and in it Plaintiff argues that there is "new evidence" that justifies relieving Plaintiff from the Final Judgment entered in this case because Plaintiff is no longer incarcerated. Under the authority above, therefore, the First Motion [#69] is more appropriately construed as a Rule 59(e) motion to alter or amend the judgment and the Second Motion [#83] must be construed as filed under Rule 60(b) because it was filed more than "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**A.     Fed. R. Civ. P. 59**

In the Tenth Circuit, it is well established that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is not to be used as a vehicle for "revisit[ing] issues already addressed or advanc[ing] arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Furthermore, a motion for reconsideration "is an extreme remedy to be

granted in rare circumstances." *Brumark*, 57 F.3d at 944.

In the First Motion Plaintiff does not argue that there has been an intervening change in the law. With regard to the second basis for reconsideration, he does not argue that there is new evidence that was previously unavailable. Instead, he attacks the Court's treatment of the evidence he attempted to present by attaching documents to his response to the motion to dismiss. This evidence was discussed in the Court's March 4, 2015 Order and cannot be considered "new" evidence for purposes of Rule 59(e). Accordingly, it does not meet the requirements of the second basis for reconsideration pursuant to Rule 59(e). *See Brooks v. Colo. Dep't of Corrections*, No. 13-cv-02894-CBS, 2015 WL 3619221, at *2 (D. Colo. June 10, 2015). With regard to the third basis for granting a Rule 59(e) motion, Plaintiff does not convincingly argue that there has been clear error or manifest injustice. Instead, he "simply contends that he, in fact, did state [ ] claim[s] against Defendant[s]." *Sayed v. Broman*, No. 13-cv-02961-CMA-MJW, 2015 WL 2345638, at *1 (D. Colo. May 14, 2015) (citing *Paraclete*, 204 F.3d at 1012). However, "[a] disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief under Rule 59(e)." *Id.* As the Court held when it considered Plaintiff's first motion for reconsideration in this case, "Plaintiff is attempting to revisit an issue that was already addressed by the Court and has offered no basis for the Court to reach a different conclusion." *Order* [#55] at 6. Further, to the extent Plaintiff seeks reconsideration of the Court's previous ruling on his first motion for reconsideration, he cannot use Rule 59(e) to continually ask the Court to revisit its rulings. *See, e.g., Paraclete*, 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing"); *Lacefield*

*v. Big Planet*, No. 2:06–CV–844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (unpublished) ("When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process."). As a result, the First Motion [#69] is **DENIED**.

**B.     Fed. R. Civ. P. 60**

As noted above, to the extent that Plaintiff asks the Court to reconsider its Final Judgment entered in this case based on what he considers newly discovered evidence, *Second Motion* [#83] at 2, the Court treats the Second Motion as being filed pursuant to Fed. R. Civ. P. 60(b) because it was filed more than 28 days after entry of judgment. "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quoting *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)).  A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Pursuant to Rule 60(b), in the following circumstances, the Court may grant relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following:  "(1) an intervenining change in the

controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012 (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In the Second Motion Plaintiff argues that because he has been released from prison the Court should grant him relief from the Final Judgment under Rule 60(b)(4) ("the judgment is void" and 60(b)(5) ("the judgment has been satisfied released or discharged . . . ."). *Second Motion* [#83] at 2-3. Plaintiff offers no argument that either of these subsections applies in this case and, reading the Second Motion liberally, the Court cannot find any support for relief under these subsections. However, assuming that Plaintiff intended to rely on Rule 60(b)(6), the hardships Plaintiff faced because he was incarcerated and his subsequent release from prison do not provide a basis for relief under Rule 60(b). In essence, Plaintiff would like relief from the Final Judgment so that he can relitigate the entire case simply because he is no longer incarcerated. Plaintiff provides no legal support for this request. Further, it is not unusual for a litigant to who is released from prison to have more resources after he his release. This does not constitute the "extraordinary circumstances" required for relief under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) ("Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."). As a result, the Second Motion [#83] is **DENIED**.

## V. Conclusion

Accordingly, based on the foregoing and the entire record in this case,

IT IS HEREBY **ORDERED** that the First Motion [#69] and the Second Motion [#83] are **DENIED**.

Because this case is closed, the Court denied Plaintiff's Motions for reconsideration, and an appeal is currently pending,

IT IS FURTHER **ORDERED** that all pending motions [##74, 80, 81] are **DENIED**.

Dated: July 22, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge